IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| JOE MARTINEZ,<br>    Plaintiff,<br><br>v.<br><br>MERIDIAN SECURITY INSURANCE COMPANY,<br>    Defendant. | §<br>§<br>§<br>§   Civil Action No. 5:23-cv-00075<br>§<br>§<br>§<br>§ |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Meridian Security Insurance Company ("Meridian") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On June 27, 2023, Plaintiff Joe Martinez filed his Original Petition ("Original Petition") in the 206th Judicial District Court of Webb County, Texas under Cause No. 2023CVH000945D4, and captioned *Joe Martinez v. Meridian Security Insurance Company*. Meridian was served with citation on July 3, 2023, and filed its Original Answer on July 24, 2023.

### *Nature of the Suit*

2. This lawsuit involves a dispute over Meridian's handling of Plaintiff's insurance claim for damages allegedly resulting from a weather event at the residential property located at 3006 Autumn Circle, Laredo, Texas 78045. Plaintiff asserts causes of action against Meridian for breach of contract, noncompliance with the Texas Insurance Code (Unfair Settlement Practices), noncompliance with the Texas Insurance Code (The Prompt Payment of Claims), violations of the Texas Deceptive Trade Practices Act, and fraud.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  The Amount in Controversy Exceeds $75,000.**

4. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1] Here, Plaintiff claims that the property, which Plaintiff insured through Meridian, sustained damage during a storm.[2] Plaintiff seeks damages for Meridian's alleged failure to pay what was owed under the terms of the insurance contract.[3] The Policy in effect on the reported date of loss was a Texas Homeowners Policy with coverage limits of $263,600 for the dwelling, $26,360 for other structures, $131,800 for personal property and $79,080 for loss of use.

5. Additionally, Plaintiff's Original Petition asserts that Plaintiff seeks to regain the benefit of the bargain, actual damages (including the loss of benefits owed and mental anguish), for knowing conduct, Plaintiff seeks three times his actual damages, 13% per annum interest, punitive and exemplary damages, costs of court and attorney's fees.[4] Plaintiff also seeks attorney fees for bringing this suit.[5]

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* Exhibit A, Original Petition at page 3.
[3] *See* Exhibit A, Original Petition at page 3.
[4] *See* Exhibit A, Original Petition at pages 15-16, 18.
[5] *See* Exhibit A, Original Petition at pages 16-18.

6. Plaintiff pleads in his Original Petition that he seeks "only relief of less than $250,000.00, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs."[6] Additionally, Plaintiff made a pre-litigation demand on April 26, 2023, in which Plaintiff asserted damages totaling $63,495.21 (based on LH Estimators' estimate of $66,086.87 less Plaintiff's deductible and prior payments), plus attorney's fees and statutory penalties.[7] Consistent with the amount sought in the Petition and settlement demand, this dispute has the potential to exceed the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332. Thus, given the Policy limits pertinent to Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy will exceed the federal jurisdictional minimum of $75,000.00.

**B.    Complete Diversity Exists Among the Parties**

7. Upon information and belief, Plaintiff was a citizen of Texas when the Petition was filed, and Plaintiff continues to be a citizen of Texas.

8. Meridian is a company organized under the laws of the State of Indiana with its principal place of business at 518 East Broad Street, Columbus, Ohio 43215. Accordingly, complete diversity exists between Plaintiff and Meridian.

*The Removal is Procedurally Correct*

9. Meridian was first served with the Original Petition in District Court on July 3, 2023. Therefore, Meridian files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

---

[6] *See* Exhibit A, Original Petition at page 1.
[7] *See* Exhibit B, Demand Letter

10. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending, and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

11. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

12. Pursuant to 28 U.S.C. §1446(d), promptly after Meridian files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

13. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 406th Judicial District for Webb County, Texas, promptly after Meridian files this Notice.

WHEREFORE, Meridian Security Insurance Company requests that this action be removed from the 406th Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:    (210) 227-4602
dstephens@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*

COUNSEL FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, Laredo Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **2nd** day of **August, 2023**, addressed to those who do not receive notice from the Clerk of the Court.

    David A. Christoffel
CHRISTOFFEL LAW GROUP, P.L.L.C.
1506 East Winding Way Drive, Suite 506
Friendswood, Texas 77546
christoffellawgroup@gmail.com

    David R. Stephens